**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lavinia Aircraft Leasing, LLC; Thomas McDermott,<br><br>        Plaintiffs,<br><br>v.<br><br>Piper Aircraft Inc. et al.,<br><br>        Defendants. | No. CV-16-02849-PHX-DGC<br><br>**ORDER** |

Plaintiffs Lavinia Aircraft Leasing, LLC ("Lavinia") and Thomas McDermott ("McDermott") have sued Defendant Piper Aircraft Inc. ("Piper") and others for the failure of an engine in a Piper aircraft. Piper has moved to dismiss Plaintiffs' claims against it for lack of personal jurisdiction. Doc. 4. The issues are fully briefed, and the Court determines that oral argument will not aid its decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). For the following reasons, the Court will deny the motion.

## I.        Background.

Plaintiff Thomas McDermott is an Arizona resident and the sole member of Lavinia. He and Lavinia own a 2001 Piper Meridian aircraft and allege that the aircraft's engine exploded on July 7, 2014. Defendant Piper is a Delaware corporation with its principal place of business in Florida. Doc. 1-1, ¶ 3. Plaintiffs bring product liability claims arising out of the engine failure.

McDermott has filed a declaration stating that he first learned about the Piper Meridian model aircraft from Piper's website.  Doc. 20-1, ¶ 4.  McDermott became interested in purchasing such an aircraft, but wanted to make the purchase from an authorized Piper dealer in case the aircraft developed problems.  *Id.*, ¶ 5.  McDermott learned from Piper's website that Keystone Aviation, located in Utah, was an authorized Piper dealer.  *Id.*, ¶¶ 6-7.  McDermott arranged to test fly a Keystone Piper Meridian in Arizona, but, to avoid expenses and logistical issues associated with purchasing an aircraft out-of-state, he decided to locate an authorized Piper dealer in Arizona.  *Id.*, ¶ 10.

McDermott located Cutter Southwest Aviation Aircraft Sales, LLC ("Cutter") using the Piper webpage.  *Id.*, ¶ 11.  McDermott contacted Cutter and learned that it sells new and used Piper aircraft to Arizona residents.  *Id.*, ¶ 12.  McDermott also knew there were two authorized Piper service centers in Arizona, and that Piper sells aircraft parts in Arizona through a nationwide distribution network.  *Id.*, ¶¶ 16-17.

On November 7, 2013, McDermott purchased a 2001 Piper Meridian from Cutter.  *Id.*, ¶ 15.  On July 7, 2014, McDermott was preparing to take off from a Colorado airport when the engine exploded.  Doc. 20-1, ¶¶ 18, 21.  On July 6, 2016, Plaintiffs filed suit against Defendants under theories of strict product liability, negligence, and breach of warranties.  Doc. 1-1.  On August 25, 2016, the action was removed to this Court based on diversity of citizenship.  Doc. 1.

## II.    Legal Standard.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."  *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006).  "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  *Mavrix Photo, Inc. v. Brand Techs.*, *Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)).  "The plaintiff cannot 'simply rest on the bare allegations of its

complaint,' but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  The Court may not assume the truth of allegations that are contradicted by an affidavit, but factual disputes are resolved in Plaintiff's favor.  *Id.*

### III.   Analysis.

Arizona's long-arm statute, Ariz. R. Civ. P. 4.2(a), applies to this diversity action.  *See Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 559 (9th Cir. 1995).  Rule 4.2(a) "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross,* 112 F.3d 1048, 1050 (9th Cir. 1997) (citation omitted).

A corporation "may be subject to personal jurisdiction only when its contacts with the forum state support either specific or general jurisdiction."  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1068 (9th Cir. 2014) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 310 (1945)).  General jurisdiction enables a court to entertain any claim against a defendant over which it has subject matter jurisdiction, even claims arising from the defendant's actions in other states.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). General jurisdiction exists if the defendant's activities in the state are "so continuous and systematic as to render [it] essentially at home in the forum State."  *Id.*  Plaintiffs do not argue that Piper has such contacts with Arizona.

Rather, Plaintiffs allege that Piper is subject to specific personal jurisdiction. Doc. 20.  A court may exercise specific jurisdiction over a foreign defendant if his or her contacts with the forum give rise to the cause of action before the court.  *Doe v. Unocal Corp.,* 248 F.3d 915, 923 (9th Cir. 2001).  The Ninth Circuit employs a three-prong test to determine whether a party has sufficient minimum contacts for specific jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of

jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004).  Plaintiffs have the burden of satisfying the first two elements.  If they do, the burden shifts to Defendants to show that jurisdiction would be unreasonable.  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (citations omitted).

### A. Purposeful Availment.

To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have engaged in some type of affirmative conduct that allows or promotes the transaction of business within the forum state.  *Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008).  The defendant's conduct, not the plaintiff's, must create a substantial connection with the forum state.  *Walden v. Fiore,* 134 S. Ct. 1115, 1121 (2014).  The goal of focusing on a defendant's conduct is to prevent defendants from being "haled into court as the result of random, fortuitous, or attenuated contacts."  *Gray & Co.*, 913 F.2d at 760 (citation omitted).

Piper argues that Plaintiffs' allegations support only a stream-of-commerce argument, insufficient for establishing personal jurisdiction.  Doc. 4 at 6-7. The Court agrees that a stream-of-commerce theory would be insufficient.  The Supreme Court has held that a "defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882-83 (2011).

The Court concludes, however, that Piper has initiated sufficient contacts with Arizona to satisfy the purposeful availment test.  Piper has authorized Keystone and Cutter to act as authorized Piper dealers, and identifies them as authorized dealers on its website.  Doc. 20-1 at 38-44.  Piper has designated Keystone as an authorized dealer for Arizona.  *Id.* at 42.  Piper's website lists two "Authorized Piper Service Center[s]" in Arizona, Landmark Aviation in Scottsdale and Ratliff Aviation in Tucson.  *Id.* at 43.

Piper's website enables viewers to insert their zip code and obtain the identities of dealers and service centers in their area, including in Arizona.  *Id.* at 42-43.  By all of these actions, Piper avails itself of the privilege of doing business in Arizona.  The first prong of the Ninth Circuit's specific jurisdiction test is satisfied.[1]

### B.   Arising Out Of.

Purposeful availment is not enough; the claims in this case must also arise out of Piper's contacts with Arizona.  *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000).  As the parties agree, the Ninth Circuit uses a "but for" test – a claim arises out of a defendant's forum contacts if, "but for" the contacts, the cause of action would not have arisen.  *Id.*; *Terracom*, 49 F.3d at 561.

Piper argues that this suit did not arise out of Piper's contacts with Arizona.  Piper argues that the plane was initially sold in Florida to an Oregon purchaser before being sold in used condition to Cutter.  Furthermore, Keystone, not Cutter, is the authorized Piper dealer for Arizona, and the engine failure occurred in Colorado.

The Court is not persuaded by these arguments.  McDermott avows that he wanted to buy his plane "only from an authorized Piper dealer" located in Arizona.   Doc. 20-1, ¶¶ 5, 10.  McDermott further avows that "[i]f Cutter had not been an authorized Piper dealer I would not have purchased the Aircraft."  *Id.*, ¶ 28.  Stated differently, "but for" Piper's designation of Cutter as an authorized dealer, McDermott would not have purchased the airplane and this cause of action would not have arisen.  The second prong in the specific jurisdiction inquiry is satisfied.

### C.   Reasonableness.

---

[1] Piper's reply includes a declaration stating that Keystone (located in Utah) is the Piper authorized dealer for Arizona and Cutter (located in Arizona) is the authorized dealer for other western states.  Doc. 25 at 14.  The declaration also suggests that Piper does not directly supervise or regulate service centers.  *Id.* at 15.  In addition to the fact that the Court normally will not consider factual material presented for the first time in a reply brief, *United States v. Rearden*, 349 F.3d 608, 614 n. 2 (9th Cir. 2003), Piper's website clearly identified Cutter as an authorized dealer and Landmark and Ratliff as "Authorized Piper Service Center[s]" in Arizona.  Doc. 20-1 at 42-43.  The Court finds these Piper representations sufficient to satisfy Plaintiffs' prima facie case of personal jurisdiction.

Once the first two prongs are satisfied, the burden is on the defendant to "'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' in order to defeat personal jurisdiction." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002) (citing *Burger King*, 471 U.S. at 477). Reasonableness is evaluated using the following factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.*

Piper argues that specific jurisdiction would be unreasonable because Piper "has no offices and conducts no business" in Arizona, and the transaction "in no way involved or included Piper." Doc. 25 at 10. As noted above, however, Piper has designated authorized dealers and authorized service centers in Arizona. More importantly, Piper presents no argument on reasonableness factors 2 through 7. The Court concludes that it has not meet its burden of showing that jurisdiction in this case is unreasonable.

**IT IS ORDERED** that Piper's motion to dismiss for lack of personal jurisdiction (Doc. 4) is **denied.**

Dated this 2nd day of December, 2016.

_____
David G. Campbell
United States District Judge

- 6 -